**In re CLAMP–ALL CORPORATION,
Debtor.**

**Bankruptcy No. 89–12785–WCH.**

United States Bankruptcy Court,
D. Massachusetts.

Oct. 5, 1991.

Steven A. Kressler, Kressler, Kressler & Pitnoff, Worcester, Mass., for debtor.

Richard L. Blumenthal, Silverman & Kudisch, Boston, Mass., for Foresta.

MEMORANDUM DECISION ON OBJEC-
TIONS TO THE ALLOWANCE OF
CLAIMS OF ANTHONY J. AND EL-
LEN FORESTA

WILLIAM C. HILLMAN, Bankruptcy
Judge.

This matter was heard on September 17, 1991, on the objections of the debtor and the creditors' committee to claims filed by Anthony J. and Ellen Foresta. In lieu of testimony, the matter was presented by submissions of counsel.

The Foresta claim consists of three distinct elements. First, Mr. Foresta seeks $16,221.19 as an administrative claim as reimbursement for certain legal expenses incurred. Next, Mr. and Mrs. Foresta assert a general unsecured claim as a result of a promissory note issued to them by the debtor. Finally, Mr. Foresta seeks a general unsecured claim of $4,100 arising out of his liability as guarantor of a lease of a vehicle by the debtor.

### The Administrative Claim for Legal Fees

■ Mr. Foresta incurred legal and expert's fees in a partially successful attempt to reverse an order of this Court reducing his salary by 20%. Counsel also defended an action by the creditors' committee with respect to a patent. Finally, legal bills were incurred in defending against a foreclosure action by New Heritage Bank ("the Bank") as discussed below.

The Court finds that all of the legal fees and related expenses were for the benefit of Mr. or Mrs. Foresta individually and the claim for reimbursement of those charges is not well founded. The claim for legal fees is disallowed.

### The Claim on the Promissory Note

■ Mr. and Mrs. Foresta borrowed $150,000 from the Bank for the benefit of the debtor. It would appear that all of the proceeds of the loan were expended for critical needs of the debtor and that Mr. and Mrs. Foresta did not benefit from the transaction. A prior decision of this Court characterized the transaction as being in reality a loan from the Bank to the debtor.

The loan was secured by a mortgage on the Foresta house and a guaranty by the debtor, the latter intended to be secured by a security interest in debtor's personal property. To complete the circle of the transaction, debtor gave its note to Mr. and Mrs. Foresta. Thus, the Bank was able to pursue its primary borrowers, Mr. and Mrs. Foresta, or the guarantor, debtor, or both, as it in fact did.

The relationship between the Bank and debtor became the subject of an adversary proceeding in this case brought by the unsecured creditors' committee against the Bank. It was settled when this Court allowed a stipulation on July 18, 1990 by the terms of which the Bank's secured claim was reduced to $7,500, and it was agreed that the Bank "shall receive no further payments *from the Debtor*, other than pursuant to the terms of a confirmed plan...." (emphasis added). The plan will give the Bank stock in the debtor in addition to satisfaction of its reduced secured claim.

Meanwhile, first in this court (where the action was dismissed on jurisdictional grounds) and later in the state superior court, the Forestas sought to avert foreclosure on their home. In the words of their counsel, the state court action was resolved "wherein [the Bank] has their claim against Mr. Foresta's house in the amount of $150,000 and he is under a forced agreement wherein he must sell the house by a certain date or reduce the selling price of the house by some percentage."

The debtor and the creditors' committee take the position that, having settled with the Bank, they are not required to pay Mr. and Mrs. Foresta under the promissory note. They fail to make a vital distinction.

The stipulation settled the debtor's liability to the Bank as guarantor. While the payment which it provides does reduce the amount of the Foresta's liability to the Bank on their primary obligation to it, it does not affect the debtor's liability under the note running to Mr. and Mrs. Foresta.

According to Foresta's counsel, he was not even notified of the settlement.

The debtor remains directly liable to Mr. and Mrs. Foresta on their promissory note, and the general unsecured claim under the note is allowed.

### The Lease Deficiency Claim

 The debtor leased a car. Mr. Foresta, a corporate employee, guaranteed the lease, an act which has cost him a $4,100 liability to the lessor. For that amount he seeks a general unsecured claim.

Having incurred the liability as surety for debtor, Foresta is subrogated to the rights of the lessor against debtor, and his claim is properly allowed.